UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JASON BAER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 3:11cv124 |
| ) | |
| MASONITE CORPORATION, ) | |
| DANETTE CRIPE, in her official capacity, ) | |
| DAVE BOWERS, in his official capacity, ) | |
| THOMAS SOBIECK, in his official capacity, ) | |
| and PRUDENTIAL, d/b/a Pru1Solution, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This is a motion to partially dismiss the complaint filed by the defendant Masonite Corporation ("Masonite") and defendants Danette Cripe, Dave Bowers, and Thomas Sobieck, on June 9, 2011. The plaintiff, Jason Baer ("Baer"), filed his response on June 27, 2011, to which the defendants replied on July 7, 2011.

For the following reasons, the motion to partially dismiss will be granted.

### Discussion

The defendants have moved the court to dismiss Baer's American With Disabilities Act ("ADA") claim filed against the individual defendants, and also to dismiss Baer's Employee Retirement Income Security Act ("ERISA") claim.

Baer has alleged that he was employed by Masonite at its Walkerton, Indiana plant, and was terminated in 2010. Defendant Cripe was the human resources representative at the Walkerton plant. Defendant Bowers was a supervisor who exercised some supervisory authority over Baer. Defendant Sobieck was the plant manager who also exercised some supervisory

authority over Baer.

Baer further alleges he is a qualified individual with a disability due to episodic impairment caused by epilepsy and grand mal seizures. Baer also states that he suffers from tremors in his arms/hands as a result of his epilepsy and grand mal seizures, and that he takes several medications without which he is substantially limited in activities that are of central importance to his daily life. Baer contends that Masonite did not allow him to work with or without accommodation during 2009 because of his epilepsy in violation of the ADA and that Masonite terminated his employment in 2010, also in violation of the ADA. Baer contends the individual defendants were the primary decision-makers concerning Baer at Masonite, had some responsibility for the events underlying Baer's allegations against Masonite and/or had some supervisory authority over Baer at Masonite. Baer states that he is suing the individual defendants "in their official capacities" under the ADA.

In Count III of his complaint, Baer alleges that the defendants interfered with his attainment of benefits and/or retaliated against him in violation of ERISA. In particular, Baer alleges that while employed at Masonite, he was "a participant in employee benefit plans created and funded by Masonite (hereinafter the "Benefit Plans"), which provided retirement benefits, healthcare, dental and vision insurances; short-term disability and FMLA leave. . . ." Baer also alleges that these Benefit Plans were "employee benefit plans" as defined by ERISA, and that he was a "particpant" as defined by ERISA.

Baer contends he "sought medical treatment and purchased prescription medications, which resulted in costs being incurred by Masonite for his healthcare." Baer further contends that this "use of the Benefit Plans was a motivating factor for Masonite's discrimination/

retaliation" of Baer. Baer also alleges that "Masonite knew or should have known Baer would eventually require additional treatment and prescription drugs," and "Masonite would have reason to fear that Baer would continue to seek medical care and might file a claim for workman's compensation benefits in the future...." Baer also contends that Masonite's "actions and inactions with the specific intent to avoid possible future expenses under the Benefit Plans" is in violation of Section 510 of ERISA.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is proper where the moving party demonstrates "beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle her to relief." Fed. R. Civ. P. 12(b)(6). Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Id. at 1964-64 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level" and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949, 1965 (citing Twombly, 550 U.S. at 556).

In support of their motion to dismiss, the defendants first argue that Baer cannot sue the individual defendants under the ADA. The ADA prohibits disability discrimination by any "covered entity," which is defined as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. §§ 12112(a); 12111(2). "Employer is "a person engaged in an industry affecting commerce who has 15 or more employees. . . and any agent of

3

such person." 42 U.S.C. § 12111(5)(A). In EEOC v. AIC Security Investigations, Ltd., 55 F.3d 1276 (7th Cir. 1995), the Seventh Circuit Court of Appeals concluded that this definition of "employer" does not allow for individual liability under the ADA. Id. at 1282. The Seventh Circuit's interpretation of "employer" has not been altered by the recent amendments to the ADA as set forth in the ADA Amendments Act ("ADAAA"). In fact, the ADAAA did not revise the definition of "employer".

In response, Baer has conceded that the individual defendants cannot be held individually liable under the ADA. Rather, he claims to sue them only in their "official capacities" as "agents" of Masonite. However, as the defendants point out, such a claim is actually a claim against Masonite and should be dismissed as redundant. See, e.g., EEOC v. AIC Security Investigations, 55 F.3d 1276, 1282 (7th Cir. 1995)(no individual liability under the ADA; employer is proper defendant); Michael v. Board of Educ. Of Evanston Township H.S. Dist. 202, 209 WL 2258982 (ND. Ill. 2009)(dismissing ADA claim against individual school district employees in their official capacities as redundant because the plaintiff was also suing the board of education); Kielbasa v. Illinois Environmental Protection Agency, 2003 WL 880995 (N.D. Ill. 2003)(dismissing ADA claim against individual defendants in their official capacities as redundant). Accordingly, defendants Danette Cripe, Dave Bowers, and Thomas Sobieck will be dismissed.

The defendants next argue that Baer's complaint does not and cannot plead facts sufficient to state a claim under ERISA because he failed to exhaust administrative remedies. The defendants assert that ERISA requires a plaintiff to exhaust available administrative remedies before filing suit. Zhou v. Guardian Life Ins. Co. of Am., 295 F.3d 677, 679 (7th Cir.

4

2002). This exhaustion applies to Section 510 claims. Powell v. AT&T Communications, Inc., 938 F.2d 823, 825-26 (7th Cir. 1991); Estes v. Beta Steel Corp, 2006 WL 354 2731 *8 (N.D. Ind. 2006)(dismissing Section 510 claim for failure to exhaust administrative procedures). A plaintiff may be excused from exhausting administrative procedures under ERISA in two instances: (1) when plaintiff is denied meaningful access to administrative procedures; or (2) when exhaustion would prove futile. Smith v. Blue Cross & Blue Shield United of Wisc., 959 F.3d 655, 658-59 (7th Cir. 1992).

The defendants note that all of the benefit plans Baer relies on as the basis for his ERISA claim set forth detailed procedures for filing a claim for benefits and appealing a denied claim. The defendants argue that ERISA requires Baer to exhaust these administrative remedies before filing this lawsuit.

Baer, however, relies on the fact that Section 502 (the enforcing provision of ERISA), is silent as to whether exhaustion of administrative remedies is a prerequisite to bringing a civil action. Baer also relies on Graham v. UPS, 519 F. Supp. 2d 801 (N.D. Ill. 2007), in support of his position that an ERISA plaintiff need not exhaust administrative remedies. In Graham, the district court noted that exhaustion of administrative remedies under ERISA is an affirmative defense.

Nevertheless, as the defendants argue in their reply, the Seventh Circuit has made clear that while ERISA is silent on the issue of exhaustion, it "has long been recognized in this Circuit that the intent of Congress is best effectuated by granting district courts discretion to require administrative exhaustion." Allegos v. Mt. Sinai Medical Center, 210 F.3d 803, 808 (7th Cir. 2000). This policy of judicial administration furthers the goals of minimizing the number of

5

frivolous lawsuits, promotion of non-adversarial dispute resolution, and decreasing the cost and time necessary for claim settlement, all of which are laudable goals supported by this court.

While it is correct that several district courts in the Seventh Circuit have held that a failure to exhaust administrative remedies is an affirmative defense under ERISA, which a plaintiff need not anticipate and negate in his complaint, other district courts in this circuit, including this court, have held that a plaintiff is required to affirmatively plead exhaustion of administrative remedies. See e.g., Coats, 12 F. Supp 2d at 868-69 ("Clearly, the plaintiffs were required to plead exhaustion or futility of exhaustion of their § 510 claim."); Ahr v. Commonwealth Edison Co., 2005 WL 611503 (N.D. Ill. 2005)(agreeing with Coats and holding that a plaintiff must affirmatively plead exhaustion of administrative remedies to survive a motion to dismiss); Potter v. ICI Americas, Inc., 103 F.Supp.2d 1062 (S.D. Ind. 1999)(noting that exhaustion is an affirmative defense and finding that the complaint insufficiently alleged exhaustion). Moreover, where the plaintiff alleges facts in the complaint that reference exhaustion, a court may properly consider whether the plaintiff failed to exhaust administrative remedies in a motion to dismiss. Finlay v. Beam Global Spirits & Wine, Inc., 2011 U.S. Dist. LEXIS 52658, *9-10 (N.D. Ill. 2011); Parkview Hospital, Inc. v. White's Residential & Family Services, Inc., 2008 WL 89878, *5 (N.D. Ind. 2008).

The defendants note that in the present case, Baer alleges in his complaint that he "timely filed the appropriate Form Five Charge of Discrimination with the Equal Employment Opportunity Commission." Baer also attaches that Charge to his complaint and incorporates it by reference. In his Charge, Baer alleges that Masonite violated Section 510 of ERISA by denying him employment benefits. In Count III of the complaint (the ERISA claim), Baer

6

incorporates by reference this allegation that he filed a Charge wit the EEOC alleging violation of Section 510 of ERISA.  Thus, it appears that Baer may have attempted to exhaust his administrative remedies for his ERISA claim through the EEOC.

However it is clear that exhaustion under ERISA means that a party must exhaust the administrative remedies provided by the benefit plans.  Powell v. AT&T Communications, Inc. 938 F2d 823, 826 (7th Cir. 1991)("Congress intended plan fiduciaries, not federal courts, to have primary responsibility for claims process.")(quoting Kross v. Western Electric Co., 70 F.2d 1238, 1244 (7th Cir. 1983)). The defendants argue that filing a charge with the EEOC is insufficient to meet the exhaustion requirement for the simple reason that the EEOC does not enforce ERISA. This court holds that Baer was required to exhaust his administrative remedies as provided for in the Benefits Plan and failed to do so.

Baer has also asserted in his response that he is excused from exhaustion because an appeal would have been futile.  However, the complaint is silent on the issue of futility and Baer has not alleged any facts as to why it would have been a waste of his time to appeal the termination of his benefits.  See, e.g., Finlay v. Beam Global Spirit & Wine, Inc., 2011 U.S. Dist. LEXIS 52658, *11 (N.D. Ill 2011)("Courts have granted an exception to the exhaustion requirement where a plaintiff adequately pleads futility.").  In his response, Baer acknowledges that he had appeal rights but argues that the appeals process was not applicable to the allegations set forth in Baer's complaint because Baer was not disputing a particular claim.  However, as the defendants point out, the plain language of Anthem's Base Medical Plan Option Plan relied upon by Baer allows Baer to appeal the termination of his benefits.  The defendants correctly argue that Baer has offered no explanation whatsoever as to why Anthem would have considered

Baer's claim to be outside the scope of its appeal process. Accordingly, this court finds that the futility exception to the exhaustion requirement does not apply to the facts of this case.

## Conclusion

On the basis of the foregoing, the defendants' motion for partial dismissal is hereby GRANTED. Baer's ADA and ERISA claims are hereby DISMISSED.

Entered: July 15, 2011.

                                                                           s/ William C. Lee
                                                                           William C. Lee, Judge
                                                                           United States District Court