UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JASON BAER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 3:11cv124 |
| | ) |
| MASONITE CORPORATION, <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the court on a motion for judgment on the pleadings filed by the defendant, Prudential Insurance Company of America ("Prudential"), on July 20, 2011. The plaintiff, Jason Baer ("Baer"), filed his response on August 5, 2011, to which Prudential replied on August 12, 2011.

For the following reasons, the motion for judgment on the pleadings will be granted.

### Discussion

In two counts of his three-count Complaint, Baer asserts claims against Prudential. Specifically, Count I asserts a claim against Prudential under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq. and Count III asserts a claim against Prudential under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 <u>et seq</u>. Through each of these claims Baer seeks a remedy against Prudential for the termination of his employment from defendant Masonite Corporation ("Masonite"). Prudential has taken the position that it was never Baer's employer and thus Baer's claims against it are legally insufficient.

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the

pleadings after the pleadings are closed. See Fed. R. Civ. P. 12(c). In considering such a motion, this Court applies the same legal standards that govern motions to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted. Kusper v. Poll Farms, Inc., 649 F. Supp. 2d 917, 920 (N.D. Ind. 2009). Thus, "[w]hen ruling on a Rule 12(c) motion, the Court must 'accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.'" Id. (quoting Forseth v. Vill. of Sussex, 199 F.3d 363, 368 (7th Cir.2000)).

In Count I of his Complaint, Baer alleges that "[u]pon information and belief, Masonite and Prudential are responsible for [his] termination" and that "Masonite and Prudential interfered with [his] FMLA rights." (Compl. ¶¶ 44, 46). Prudential argues that Baer has no cause of action against Prudential under the FMLA, because he has failed to allege that Prudential was his employer as that term is defined in the FMLA. Prudential points out that Baer's own allegations show that Prudential was not his employer and that Prudential did not make the decision to terminate his employment. Specifically, Baer alleges that "Masonite is an employer as that term is defined by the [FMLA]," that "Masonite used Prudential as its absence coordinator and/or FMLA administrator for its employees," and that "Masonite terminated Baer on 1/22/2010 for his attendance." (Compl. ¶¶ 36, 38, 45). Prudential argues that the FMLA does not provide a cause of action against an absence administrator under these circumstances.

The FMLA provides both that (1) "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter," and (2) "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

2

29 U.S.C. § 2615(a). The FMLA defines "employer" as:

> any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year ... includ[ing] ... any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer.

29 U.S.C. §2611(4)(A)(I) and (ii) (I).2

"In determining whether an entity is an employer under the . . . FMLA, courts have examined whether the entity 'possessed the power to control the worker in question'" and employ various multi-factor "economic realities" tests to aid in this inquiry. Jensen v. AT&T Corp., 2007 WL 3376893, at *2 (E.D. Mo. 2007) (quoting Astudillo v. U.S. News & World Report, No. 02CV7902, 2004 WL 2075179 at *3 (S.D.N.Y. Sept. 17, 2004). "While there are a variety of 'economic reality' tests, it is apparent that [Baer] must allege that defendant [Prudential] had some direct power over [his] employment." Id.

In the present case, Baer's Complaint alleges that defendant Masonite was his employer and that Masonite terminated his employment pursuant to its attendance policy. (Compl. ¶¶ 36, 45). Thus, Prudential maintains that Baer simply has not, and cannot, allege circumstances from which Prudential could be deemed to be his employer for purposes of the FMLA. See, e.g., id. (claims disability benefits administrator advising that employer terminate plaintiff's employment was not an "employer" under FMLA) (citing Mugno v. Societe Internationale de Telecommunications Aeronautiques, Ltd., No. 05CV2037, 2007 WL 316572 at *8 (E.D.N.Y. Jan. 30, 2007) (benefits provider not an employer for purposes of FMLA denial of benefits claim); Petty v. Carolina Biological Supply, No. 1:05CV954, 2006 WL 2571047 at *8 (M.D.N.C. Sept. 5, 2006) (provider of group life insurance not employer under FMLA); Elie G.

Ghattas Trust v. Unumprovident Life Ins., 2004 No. 1:03CV1614A, WL 2709715 at *10 (E.D. Va. Oct. 5, 2004) (provider of group life insurance policy was not employer under FMLA); Eckert v. Schroeder, Joseph & Assocs., 364 F. Supp. 2d 326, 327-28 (W.D.N.Y. 2005) (attorneys retained by employer and union are not employers under the FMLA)).

ERISA § 510 provides that:

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare Pension Plans Disclosure Act, or for the purpose of interfering with the attainment of any right to which such participant may become entitled ….

29 U.S.C. § 1140.

Prudential argues that Baer has not identified anything that Prudential did or failed to do that constitutes a discharge, fine, suspension, expulsion, disciplinary action or discrimination against him. Rather, Prudential simply provided recordkeeping services for Masonite, and had no authority to take adverse employment action against Baer.

Other courts have recognized that ERISA § 510 imposes liability only upon employers, and not those who do not make employment decisions. See, e.g., Becker v. Mack Trucks, Inc., 281 F.3d 372, 382 (3rd Cir. 2002) (§ 510 "limited to actions affecting the employer-employee relationship"); Byrd v. MacPapers, Inc., 961 F.2d 157, 161 (11th Cir. 1992) (§ 510 claims lie only against an employer); Woolsey v. Marion Labs., Inc., 934 F.2d 1452, 1461 (10th Cir. 1991) (finding plaintiff had no actionable claim under § 510 when "Administrators' denial had not affected [plaintiff's] employment situation"). The Seventh Circuit has also recognized that "§ 510 was designed to protect the employment relationship" and that "a fundamental prerequisite

4

to a § 510 action is an allegation that the employer-employee relationship … was changed in some discriminatory or wrongful way." Deeming v. American Standard, Inc., 905 F.2d 1124, 1127 (7th Cir. 1990); see also Magnus v. St. Mark United Methodist Church, 2010 WL 4177614 at *3 (N.D.Ill. 2010) ("ERISA § 510 claims 'lie only against … [an] employer' and do not provide for individual liability") (quoting MacPapers, 961 F.2d at 161).

In the case at bar, Baer alleges only that Masonite "used Prudential to administer FMLA leave to its employees." (Complaint, ¶ 22.) Prudential argues that although Baer alleges that he was told that Masonite fired him because Prudential denied his FMLA claim, he never alleges, nor could he allege, that Prudential made the decision to terminate him or take any other adverse employment action against him. Prudential points out that Baer's allegations make clear that he was employed by Masonite, and it was Masonite who fired him. (Id. at ¶¶ 11 and 28.) Count III alleges specifically that: "Baer's use of the Benefit Plans was a motivating factor for Masonite's discrimination/retaliation of Baer." (Id. at ¶ 74.) Prudential notes that absent from the complaint are any factual allegations that, if proven, would establish that Prudential took any adverse employment action against Baer.

In response, Baer relies on a joint employer theory. Where two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under FMLA. 29 C.F.R. § 825.106(a). An employer includes any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer. 29 U.S.C. § 2611(4)(A)(ii)(I). Baer argues that Prudential exercised some control over Baer's working conditions by directly approving a portion of Baer's FMLA leave request.

It is important to note the remainder of the regulation relied upon by Baer. The

5

regulation further provides that where a company "contracts with client employers to perform administrative functions such as payroll, benefits, regulatory paperwork, and updating employment policies" the determination of whether that company is "a joint employer also turns on the economic realities of the situation." 29 C.F.R. § 825.106(b)(1), (2).  Notably, the regulations provide that such a company "does not enter into a joint employment relationship with the employees of its client companies when it merely performs such administrative functions." 29 C.F.R. § 825.106(b)(2). Rather, it is only when the company in question "has the right to hire, fire, assign, or direct and control the client's employees, or benefits from the work that the employees perform," that it "may lead to a determination that the [company] would be a joint employer with the client employer." Id.

In Moldenhauer v. Tazewell-Peking Consol. Commc'ns Ctr., 536 F.3d 640 (7th Cir. 2008), the Seventh Circuit noted that other circuits "that have addressed the issue have looked at the employment situation as a whole, analyzing the amount of control the alleged joint employer had over employees" and explained that the following factors are relevant but not exhaustive to the inquiry: (1) the power to hire and fire employees, (2) supervision and control of employee work schedules or conditions of payment, (3) determination of rate and method of payment, and (4) maintenance of employment records. Id. at 644. The court went on to "hold generally that for a joint-employer relationship to exist, each alleged employer must exercise control over the working conditions of the employee, although the ultimate determination will vary depending on the specific facts of each case." Id. Notably, in applying this standard, the Seventh Circuit held that a defendant who merely provides human resources services is not a joint employer under the principles set out in 29 C.F.R. § 825.106. Id. at 645.

In Moldenhauer, an employee of Tazwell-Pekin Consolidated Communications Center ("Tazcom"), a non-profit entity providing emergency communications for the City of Pekin ("Pekin") and Tazewell County ("Tazewell"), brought an action against Tazcom, Pekin and Tazewell, alleging that they were joint employers liable for retaliation under the FMLA after the employee was discharged for excessive absenteeism. Id. at 641. Among other facts highlighted by the plaintiff in an effort to establish a joint employment relationship were the fact that Tazcom contracted with Pekin for various services, including payroll, insurance, and retirement fund benefits, and the fact that these services required employees to be labeled as Pekin employees and listed as Pekin employees on their W-2 forms. Id. at 642. The Seventh Circuit held that despite the "laundry list" of services that Tazcom received from Pekin, this was "insufficient to establish joint-employment relationship." Id. at 645. The court went on to emphasize the fact that the plaintiff could not "point to one instance of either Pekin or Tazewell hiring a Tazcom employee, determining the working conditions . . . , or deciding the compensation . . . ." Id. Accordingly, the Seventh Circuit affirmed the district court's grant of summary judgment to the defendants on the joint employer issue. Id.

In the present case, the court agrees with Prudential that the allegations in the Complaint regarding Prudential's involvement with Baer's employment, even when taken as true and viewed in the light most favorable to Baer, fall far short of that which was deemed insufficient in Moldenhauer. As noted earlier, Baer alleges that "Masonite is an employer as that term is defined by the [FMLA]," that "Prudential . . . was employed by Masonite to administer its leave policies," that "Masonite used Prudential as its absence coordinator and/or FMLA administrator for its employees," that his "absences related to his episodic impairment were converted to

7

absence points, so Masonite could terminate Baer on 1/22/2010," and that "Masonite terminated Baer on 1/22/2010 for his attendance." (Compl. ¶¶ 6, 22, 23, 28, 36, 38, 45). While in Paragraph 44 of his Complaint Plaintiff states that "[u]pon information and belief, Masonite and Prudential are responsible for Baer's termination," it is clear that a benefits administrator's mere tangential involvement with the termination decision is not sufficient as a matter of law to establish a joint employer relationship. See Jensen v. AT&T Corp., 2007 WL 3376893, at *2 (E.D. Mo. 2007) (granting motion to dismiss to defendant disability benefits administrator on ground that it did not qualify as joint employer under FMLA, despite allegation that administrator had "rejected the physician's release and advised defendant [employer] to terminate plaintiff's employment based upon its belief that her disability rendered her unable to perform her work duties").

Moreover, Baer's allegation that Prudential was involved in the decision to terminate him is in clear contradiction of the paragraphs in the Complaint alleging Masonite alone made the termination decision and is further belied by the Disciplinary Action Notice from Masonite attached to Baer's Complaint at Exhibit 3. It is well established that any documents attached to a complaint may be considered on a motion for judgment on the pleadings, and to the extent an exhibit contradicts the complaint's allegations, the exhibit takes precedence. Forrest v. Universal Sav. Bank, F.A., 507 F.3d 540, 542 (7th Cir.2007); Hamilton v. American Corrective Counseling Services, Inc., No. 3:05-CV-434RM, 2006 WL 3332828, 1 (N.D. Ind. Nov. 14, 2006) ("If documents attached to the complaint contradict allegations in the complaint, the documents trump the allegations. In fact, '[a] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment.'") (quoting Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 499, 454-55

8

(7th Cir. 1998)). The Disciplinary Action form clearly indicates that Prudential at most merely denied FMLA leave, and Masonite alone converted Baer's days out to absences and terminated Baer based upon application of its attendance policy. (See Compl. Ex. 3). Baer's assertion that "upon information and belief" Prudential was "responsible for Baer's termination" is irrelevant. (Compl. ¶ 44); Braden v. County of Washington, No. 08-574, 2010 WL 1664895, at *7 (W.D. Pa. 2010) ("Joint employer status, however, does not turn on the perceptions of the employee.") (citing McGrath v. Gillis, 44 F.3d 567, 572 (7th Cir.1995)).

Baer has relied upon a case from the Northern District of Illinois, Salas v. 3M Co., No. 08-C-1614, 2009 WL 2704580 (N.D. Ill. Aug. 25, 2009). However, Salas was a summary judgment case where the defendant third party disability benefits administrator had completely failed "to point to admissible record evidence in support of [its] argument" at the summary judgment stage that it performed only administrative functions. Id. at *11. Salas turned on an evidentiary failure, and has no applicability to the present case.

Baer has also taken the position that Prudential qualifies as Baer's employer under ERISA. As Prudential points out, this court's July 15, 2011 Order dismissed Baer's ERISA claim for failure to exhaust, and this ruling resolves Baer's ERISA claim against Prudential as well.

Accordingly, the motion for judgment on the pleadings will be granted.

Conclusion

On the basis of the foregoing, Prudential's motion for judgment on the pleadings is hereby GRANTED.

Entered: August 29, 2011.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court